UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GLEN PAYTON																					PLAINTIFF

V.												CIVIL ACTION NO. 3:24-CV-699-KHJ-MTP

FORREST COUNTY																					DEFENDANT

ORDER

This matter is before the Court sua sponte. For the reasons stated, the Court dismisses this case without prejudice.

On November 4, 2024, pro se Plaintiff Glen Payton filed this [1] Complaint. Payton claims that he was unlawfully convicted of statutory rape 15 years ago in the Circuit Court of Forrest County, Mississippi, because he allegedly never waived his right to an indictment. [1] at 2; Jury Verdict & Sentencing [1-5] at 1. Even though he was indicted, Indictment [1-2], he nevertheless contends his conviction is void. [1] at 2.

This, however, is not the first time Payton has challenged this conviction. *In re Payton*, No. 18-60286 (5th Cir. Aug. 1, 2018) (per curiam), ECF No. 18-2; *In re Payton*, No. 17-60767 (5th Cir. Feb. 21, 2018) (per curiam), ECF No. 19-2; *Payton v. Davis*, No. 1:20-CV-152 (N.D. Miss. Sept. 9, 2020), ECF No. 4; *Payton v. Turner*, No. 2:19-CV-109 (S.D. Miss. Sept. 4, 2019), ECF No. 5; *Payton v. Mississippi*, No. 2:17-CV-65 (S.D. Miss. June 14, 2017), ECF No. 10; *Payton v. King*, No. 2:10-CV-250 (S.D. Miss. June 13, 2012), ECF No. 19, *report and recommendation adopted*, No.

2:10-CV-250 (S.D. Miss. July 9, 2012), ECF No. 20; *Payton v. Weathers*, No. 2:10-CV-62 (S.D. Miss. May 27, 2010), ECF No. 7. In fact, on November 20, 2019, the Fifth Circuit sanctioned him $200 and ruled that he "is BARRED from filing in . . . any court subject to this court's jurisdiction any challenge to the [statutory rape] conviction and sentence until the sanction is paid in full, unless he first obtains leave from the court in which he seeks to file such challenge." *In re Payton*, No. 19-60659 (5th Cir. Nov. 20, 2019) (per curiam), ECF No. 20-2. The Fifth Circuit has since dismissed one additional action by Payton challenging the same conviction when he failed to demonstrate that he had satisfied the $200 sanction. *In re Payton*, No. 20-60838 (5th Cir. Mar. 8, 2021), ECF No. 25-2.

Payton once again challenges his statutory rape conviction but fails to show that he has satisfied the monetary sanction. Additionally, he did not obtain leave of this Court to file the instant challenge. Because Payton is precluded from filing any challenge to his statutory rape conviction without satisfying the sanction or obtaining leave of court, this case is dismissed.

For the reasons stated, the Court DISMISSES this case without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Payton at his address of record.

SO ORDERED, this 28th day of March, 2025.

                                                    s/ *Kristi H. Johnson*
                                                    UNITED STATES DISTRICT JUDGE